**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. __1:18-cv-01549__

TIMOTHY H. KING,

    Plaintiff,

v.

BELMONT FINANCE, LLC,

    Defendant.

## COMPLAINT

**NOW COMES**, Timothy H. King ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, Belmont Finance, LLC, ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of Invasion of Privacy ("IOP").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227 ("TCPA"), and 28 U.S.C. §§1331 and 1337 because the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law IOP claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in Colorado and all of the events or omissions giving rise to the claims occurred within Colorado.

## PARTIES

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in Colorado.

6. Defendant is a direct sales finance company that provides consumer financing for products such as cookware, vacuums, water systems, and fire alarms. Its primary business is extending high interest loans to consumers nationwide, including Colorado. Defendant's principal office is located at 1990 Godfrey Drive, Waupaca, Wisconsin 54981. Defendant conducts business in the State of Colorado and its registered agent is Corporation Service Company located at 1900 W. Littleton Blvd, Littleton, CO 80120.

## FACTS SUPPORTING CAUSE OF ACTION

7. In November 2016, Plaintiff obtained an unsecured $1,889.00 loan ("subject loan") from Defendant to purchase cookware.

8. At the time Plaintiff obtained the subject loan, Plaintiff provided his cellular phone number (719) XXX-0408.

9. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone with the assigned number ending in 0408. Plaintiff is and has always been financially responsible for this cellular phone and its services.

10. Plaintiff was making regular payments on the subject loan to Defendant until September 2017, as Plaintiff's health severely decreased and was forced to incur insurmountable medical expenses.

11. Starting in August 2017, Defendant began placing calls to Plaintiff's cellular phone and house phone attempting to collect upon the subject loan.

12. At first, Plaintiff did not pick up most of Defendant's phone calls as he was attempting to recover from his medical issues. The persistence and frequency of Defendant's phone calls began to disrupt Plaintiff's everyday life and general well-being.

13. In December 2017, Plaintiff answered a phone call to his cellular telephone from a representative of Defendant. Defendant repeatedly demanded Plaintiff to make a payment on the subject loan. Plaintiff responded by requesting that Defendant cease placing calls to both his cellular phone and his house phones. Defendant's representative stated that: "We will continue to call you until you pay your debt."

14. Defendant also placed numerous calls to Plaintiff's relatives on their cellular phones attempting to embarrass and dragoon the Plaintiff into making a payment. Specifically, Defendant habitually placed calls to the cellular phones of Plaintiff's spouse and father-in-law attempting to disparage Plaintiff.

15. On January 15, 2018, Plaintiff answered another phone call from Defendant and again emphatically requested Defendant to stop calling him and his family members.

16. In total, Defendant placed or caused to be placed no less than 117 harassing phone calls to Plaintiff's cellular telephone from December 2017 through the present day, with calls taking place several times in one day, up to 3 times per day, and on the weekends.

17. Likewise, Defendant also placed or caused to be placed no less than 90 harassing phone calls to Plaintiff's house telephone from December 2017 through the present day.

18. Plaintiff requested that Defendant cease placing calls to his cellular phone and residential phone on no less than 5 separate occasions.

19. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

20. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject loan.

21. Similarly, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

22. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

23. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the finance loan industry to collect defaulted loans.

24. The phone number that Defendant most often used to contact Plaintiff is (877) 547-2926, but upon information and belief, Defendant's collection department may have used other phone numbers as well.

## DAMAGES

25. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

26. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's harassing collection efforts.

27. The majority of Defendant's distracting phone calls to Plaintiff's cellular phone were placed during work hours and severely disrupted Plaintiff's work productivity.

28. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

29. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts, incurring costs and expenses speaking with his attorneys.

## COUNT I – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

32. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

33. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular telephone.

34. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

35. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

36. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

37. Defendant violated the TCPA by placing no less than 117 phone calls to Plaintiff's cellular phone between December 2017 and the present day, using an ATDS without his prior consent.

38. Any prior consent, if any, was revoked by Plaintiff's numerous verbal revocations. Specifically, Plaintiff verbally revoked consent to be called on his cellular phone on at least five (5) separate occasions.

39. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

40. Upon information and belief, Defendant has no system in place to document and archive whether it has prior consent to continue to contact consumers on their cellular phones.

41. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

42. Defendant, through its agents, representatives, vendors, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

43. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff TIMOTHY H. KING respectfully prays this Honorable Court for the following relief:
   a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
   b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
   c. Enjoining Defendant from further contacting Plaintiff; and
   d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – INVASION OF PRIVACY—INTRUSION UPON SECLUSION

44. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

45. Defendant through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

46. Defendant's persistent and unwanted autodialed phone calls to both his cellular and home phones eliminated Plaintiff's right to be left alone.

47. All of the calls made to Plaintiff's cellular and home phones were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

48. The constant unauthorized prying into Plaintiff's seclusion was highly offensive to Plaintiff and this intrusion would be objectionable to any reasonable person.

49. Moreover, Defendant continued its phone harassment campaign by divulging confidential and private information regarding the underlying subject loan to Plaintiff's spouse and father-in-law.

50. Defendant's unsolicited phone harassment crusade severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disordered Plaintiff's marriage, disrupted Plaintiff's workflow and work productivity, disrupted Plaintiff's mealtimes, and continually frustrated and annoyed Plaintiff into submission.

51. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home, work, and anywhere else Plaintiff went with his cellular phone.

52. By continuing to call Plaintiff's home and cellular phones attempting to dragoon Plaintiff into paying the subject loan, Plaintiff had no reasonable escape from these incessant calls.

53. As detailed above, by persistently autodialing Plaintiff's home and cellular phones without his prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

54. Defendant's relentless collection conduct and tactic of repeatedly auto dialing Plaintiff's home and cellular phones after he requested that these calls cease on no less than 5 separate occasions is highly offensive to any reasonable person.

55. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

**WHEREFORE**, TIMOTHY H. KING, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff his reasonable attorney's fees & costs;

e. Enjoining Defendant from contacting Plaintiff's cellular phone and home phone; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: June 20, 2018

Respectfully submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 537-1770
mdaher@sulaimanlaw.com

/s/ Omar T. Sulaiman
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8141
osulaiman@sulaimanlaw.com